RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ALEN SEJDINI,

                *Petitioner,*

    *v.*

ERIC H. HOLDER, JR.,

                *Respondent.*

No. 12-3222

On Petition for Review of a Decision
of the Board of Immigration Appeals.
No. A076 513 005.

Argued: March 5, 2013

Decided and Filed:  April 19, 2013

Before:  MARTIN and GILMAN, Circuit Judges; FOWLKES, District Judge.[*]

_____

### COUNSEL

**ARGUED:** Maris J. Liss, GEORGE P. MANN AND ASSOCIATES, Farmington Hills, Michigan, for Petitioner.  Ada E. Bosque, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:** Maris J. Liss, George P. Mann, GEORGE P. MANN AND ASSOCIATES, Farmington Hills, Michigan, for Petitioner.  Ada E. Bosque, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

### OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge.  This immigration case requires us to answer a pure question of statutory interpretation: is cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (the Nicaraguan Act) the same

_____

[*] The Honorable John T. Fowlkes, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

as cancellation of removal under section 240A of the Immigration and Nationality Act (INA)? We think a plain reading of the Nicaraguan Act shows that it is, and we therefore **DENY** Alen Sejdini's petition for review of the Board of Immigration Appeals' decision.

Alen Sejdini and his family are from the former Yugoslavia. In 1987, Sejdini, who was then less than a year old, entered the United States, traveling with his mother by boat from Canada. In 1999, the government placed Sejdini in removal proceedings. Then, in 2003, an immigration judge granted Sejdini a special-rule cancellation of removal under section 203 of the Nicaraguan Act, which in 1997 had amended the INA. In 2010, Sejdini was convicted in Michigan state court for possession of Vicodin and ecstasy, for which he received a prison sentence of eighteen months to ten years and two years' probation. Because the conviction made him removable, the government began removal proceedings in 2011 against Sejdini. He applied for cancellation of removal under section 240A(a) of the INA, but the immigration judge "pretermitted," or barred him, from applying for this relief because he had already received cancellation of removal under the Nicaraguan Act. Sejdini appealed to the Board, which adopted and affirmed the immigration judge's opinion and order. He now petitions to review the Board's order.

First, we address a jurisdictional matter. As a general rule, section 242(a)(2)(B)(i) of the INA prevents us from reviewing denials of applications for cancellation of removal under section 240A of the INA. 8 U.S.C.A. § 1252(a)(2)(B)(i); *accord Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). Nevertheless, Section 242(a)(2)(D) of the INA grants us jurisdiction over questions of law. 8 U.S.C.A. § 1252(a)(2)(D); *accord Aburto-Rocha*, 535 F.3d at 502.

We have before us a question of law: whether cancellation of removal under the Nicaraguan Act *is* cancellation of removal under section 240A of the INA. Because answering this question requires us to interpret the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, § 203, 111 Stat. 2160 (1997), as it amends the INA, we have jurisdiction to review this appeal.

Where the Board adopts the immigration judge's reasoning, we review the immigration judge's decision directly. *Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005) (citing *Denko v. Immigration & Naturalization Serv.*, 351 F.3d 717, 723 (6th Cir. 2003)). Here, in holding that special-rule cancellation under the Nicaraguan Act constituted cancellation of removal under section 240A of the INA, the immigration judge engaged in statutory interpretation. We review questions of statutory interpretation de novo, but we apply the doctrine of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Sad v. Immigration & Naturalization Serv.*, 246 F.3d 811, 814 (6th Cir. 2001).

The immigration judge held that Sejdini could not apply for cancellation of removal under section 240A of the INA because he had already received a special cancellation of removal under the Nicaraguan Act. The immigration judge barred Sejdini from applying for cancellation of removal under Section 240A(a) of the INA because section 240A(c)(6) of the INA provides, in pertinent part, that an alien whose removal has been cancelled under Section 240A is ineligible for later relief under section 240A(a). 8 U.S.C.A. § 1229b(c)(6).

On appeal, Sejdini argues that the immigration judge erred in interpreting the Nicaraguan Act as granting section 240 relief under the INA. In essence, Sejdini argues that his previous cancellation of removal under the Nicaraguan Act was not relief under section 240A, but was something else—a separate form of relief that does not bar him from applying for relief under section 240A. We therefore review the immigration judge's interpretation of the Nicaraguan Act, which amended the INA.

Under *Chevron*, when reading a statute that a given agency administers, we must first inquire "'whether Congress has directly spoken to the precise question at issue.'" *Sad*, 246 F.3d at 814 (quoting *Chevron*, 467 U.S. at 842–43) (parallel citation omitted). If our reading of the statute shows that "the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43 (footnote omitted).

Section 203(f)(1) of the Nicaraguan Act states that "the Attorney General may, *under section 240A* of [the INA], cancel removal" of eligible classes of aliens. Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, § 203(f)(1), 111 Stat. 2160 (1997) (emphasis added). The immigration judge read this section, as we do, to provide cancellation of removal under Section 240A. Congress's intent is clear: section 203 of the Nicaraguan Act allows the Attorney General to effectuate relief for an alien "under," or by means of, section 240A of the INA, making section 240A the vehicle for relief.

The immigration judge held that Sejdini was ineligible to receive cancellation of removal under section 240A(a) of the INA because he had already received relief under section 240A. The immigration judge read section 240A(c)(6) as providing, in pertinent part, that an alien whose removal has been cancelled under section 240A is ineligible for later relief under section 240A(a). 8 U.S.C.A. § 1229b(c)(6).

The immigration judge did not misread the statute. Sejdini received relief under section 240A of the INA and may not receive it again. Special-rule cancellation under the Nicaraguan Act is the same as cancellation under section 240A of the INA. This is the plain reading of section 203 of the Nicaraguan Act. Because Sejdini has already received special-rule cancellation of removal under the Nicaraguan Act, he is statutorily barred, under section 240A(c)(6) of the INA, from reapplying for and receiving cancellation of removal under section 240A(a).

The petition seeking review of the Board's ruling is denied.