# Matter of Rosa Haydee HERNANDEZ-ROMERO, Respondent

*Decided August 10, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 240A(c)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(c)(6) (2018), bars an applicant, who has previously been granted special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2198 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997), from applying for cancellation of removal under section 240A(a) or (b)(1) of the Act.

FOR RESPONDENT:  Murray D. Hilts, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Angela Chen, Associate Legal Advisor

BEFORE:  Board Panel:  MALPHRUS, Deputy Chief Appellate Immigration Judge; LIEBOWITZ, Appellate Immigration Judge; GELLER, Temporary Appellate Immigration Judge.

GELLER, Temporary Appellate Immigration Judge:

In a decision dated November 16, 2012, an Immigration Judge denied the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2012).  On March 16, 2015, we dismissed the respondent's appeal from that decision. This case is now before us on remand from the United States Court of Appeals for the Ninth Circuit for further consideration of the respondent's eligibility for cancellation of removal.[1]  The respondent's appeal will again be dismissed.

The respondent is a native and citizen of El Salvador who was granted special rule cancellation of removal under section 203(b) of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, tit. II, 111 Stat. 2193, 2198 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997).  She was later placed in removal

---

[1]  Although the Ninth Circuit granted the respondent's petition for review with respect to her eligibility for cancellation of removal, it denied her petition with respect to her removability, due process arguments, and other applications for relief.  These issues are not before us on remand.

proceedings, where she applied for cancellation of removal pursuant to section 240A(a) of the Act. The dispositive issue before us is whether the respondent's prior grant of special rule cancellation of removal under the NACARA bars her, under section 240A(c)(6) of the Act, from applying for cancellation of removal under section 240A(a) of the Act.[2] We review this question of law de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2021).

Under settled principles of statutory construction, we look first to the particular statutory language at issue. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) ("Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."). "If the statute is clear and unambiguous 'that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *K Mart Corp.*, 486 U.S. at 291 (quoting *Bd. of Governors, FRS v. Dimension Fin. Corp.*, 474 U.S. 361, 368 (1986)). Whether statutory language is plain and unambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341; *accord Matter of A. Vasquez*, 27 I&N Dec. 503, 504 (BIA 2019). Considering "the statute as a whole," we conclude that under the plain language of section 203(b) of the NACARA and section 240A(c)(6) of the Act, the respondent is barred from obtaining cancellation of removal under section 240A(a) of the Act as a result of her prior grant of special rule cancellation of removal under the NACARA. *Robinson*, 519 U.S. at 341.

Under the heading "SPECIAL RULE FOR CANCELLATION OF REMOVAL," section 203(b) of the NACARA provides as follows:

> Subject to the provisions of the Immigration and Nationality Act . . . , the Attorney General may, *under section 240A of such Act*, cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States, if the alien applies for such relief, [and meets certain eligibility criteria] . . . .

(Emphasis added.) The Sixth Circuit, the only circuit court to have addressed this issue in a precedential decision, has observed, "Congress's intent is clear: section 203 of the [NACARA] allows the Attorney General to effectuate

---

[2]  In response to our request for supplemental briefing on this issue, both parties filed briefs. Although the respondent asserts that our request for supplemental briefing violated the scope of the Ninth Circuit's remand order, the court explicitly "remand[ed] this issue to the [Board] for additional investigation or explanation." *Hernandez-Romero v. Barr*, 783 F. App'x 758, 759 (9th Cir. 2019).

relief for an alien 'under,' or by means of, section 240A of the [Act], making section 240A the vehicle for relief." *Sejdini v. Holder*, 714 F.3d 399, 402 (6th Cir. 2013) ("Special-rule cancellation under the [NACARA] is the same as cancellation under section 240A of the [Act]. This is the plain reading of section 203 of the [NACARA].").

Section 240A(c)(6) of the Act, in turn, provides in pertinent part that "[a]n alien whose removal has previously been cancelled under [section 240A]" is statutorily ineligible for cancellation of removal under section 240A(a) or (b)(1) of the Act. Because the respondent's prior grant of special rule cancellation of removal under the NACARA was "under section 240A of [the] Act," the plain language of section 240A(c)(6) of the Act precludes her from obtaining cancellation of removal under section 240A(a) of the Act. NACARA § 203(b); *see also* section 240A(c)(6) of the Act; *Sejdini*, 714 F.3d at 402 ("Because [the applicant] has already received special-rule cancellation of removal under the [NACARA], he is statutorily barred, under section 240A(c)(6) of the [Act], from reapplying for and receiving cancellation of removal under section 240A(a).").

We therefore hold, based on the plain language of section 203(b) of the NACARA and section 240A(c)(6) of the Act (as amended by the NACARA),[3] that section 240A(c)(6) bars an applicant, who has previously been granted special rule cancellation of removal under the NACARA, from applying for cancellation of removal under section 240A(a) or (b)(1). To the extent that it does not conflict with controlling circuit precedent, we will apply this holding nationally. *See generally Matter of U. Singh*, 25 I&N Dec. 670, 672 (BIA 2012) ("We apply the law of the circuit in cases arising in that jurisdiction . . . .").

In this regard, we respectfully recognize that the Ninth Circuit held in its remand order that "it is ambiguous whether Congress intended [section 240A(c)(6)] to extend to NACARA § 203 recipients." *Hernandez-Romero v. Barr*, 783 F. App'x 758, 759 (9th Cir. 2019). Where, as here, the controlling circuit holds that the language of the statute is ambiguous in this respect, basic rules of statutory construction lead us to alternatively conclude that Congress intended a grant of special rule cancellation of removal under the NACARA to bar, under section 240A(c)(6), a future grant of cancellation of removal under section 240A(a) or (b)(1) of the Act. *See generally Campos-Hernandez v. Sessions*, 889 F.3d 564, 571 (9th Cir. 2018)

---

[3]   *See generally Sejdini*, 714 F.3d at 401 (noting that the NACARA amended the Act).

("NACARA's humanitarian purpose does not override the [Board]'s authority to interpret ambiguous provisions of the statutes that govern it.").[4]

As the Immigration Judge observed, Congress explicitly exempted NACARA applicants from the annual cap on the number of applications for cancellation of removal and suspension of deportation that can be granted in a single fiscal year. Section 240A(e)(3)(A) of the Act (exempting from the annual cap "[a]liens described in section 309(c)(5)(C)(i) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (as amended by the [NACARA])"). This language reveals that Congress knew how to explicitly exempt applicants who previously received special rule cancellation of removal under the NACARA from specific provisions of section 240A of the Act. It is therefore significant that Congress chose not to explicitly exempt NACARA recipients from the bar to relief set forth at section 240A(c)(6) of the Act. This omission supports our conclusion that Congress did not intend to exempt such recipients from this statutory bar. *See generally INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (citation omitted)).

In addition, section 203(b) of the NACARA explicitly provides that special rule cancellation of removal under the NACARA is granted "under section 240A of [the] Act" and "[s]ubject to the provisions of the Immigration and Nationality Act . . . , *other than* subsections (b)(1), (d)(1), and (e) of section 240A of such Act." (Emphasis added.) This language again reveals that where Congress intended to make specific provisions of

---

[4] Citing *Barrios v. Holder*, 581 F.3d 849 (9th Cir. 2009), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), the respondent asserts that the Ninth Circuit has treated special rule cancellation of removal under the NACARA differently from cancellation of removal under section 240A(a) of the Act. Specifically, the court has previously imputed a parent's "continuous residence" to a child for purposes of cancellation of removal under section 240A(a)(2) of the Act, but it has rejected an applicant's request to impute a parent's "continuous physical presence" to a child for purposes of special rule cancellation of removal under the NACARA. The issues addressed in *Barrios* are irrelevant to whether the respondent's prior grant of NACARA relief bars her from subsequently receiving cancellation of removal under section 240A(a) of the Act. Furthermore, the court's case law holding that a parent's period of continuous residence can be imputed to a child under section 240A(a)(2) is no longer good law. *See Holder v. Martinez Gutierrez*, 566 U.S. 583, 586 (2012) (deferring to our precedential decisions holding that an applicant for cancellation of removal living in this country as a child must satisfy the continuous residence requirement of section 240A(a)(2) "on his own, without counting a parent's years of residence or immigration status"). Thus, we will not address that decision.

section 240A of the Act inapplicable to special rule cancellation of removal under the NACARA, it did so explicitly. *See Cardoza-Fonseca*, 480 U.S. at 432. Yet section 240A(c)(6) was conspicuously omitted from this list of provisions, reflecting Congress' intent to apply the statutory bar under this provision to NACARA recipients. *Cf. Matter of Nolasco*, 22 I&N Dec. 632, 638–41 (BIA 1999) (holding that applicants for suspension of deportation are subject to the so-called "stop time" rule at section 240A(d)(1) of the Act because they are not explicitly exempted from this rule under the Act, as amended by section 203(a) of the NACARA, reflecting "a clear intent by Congress to apply the stop time rule to all but discrete sets of cases").

The regulations implementing the NACARA support this conclusion. Specifically, 8 C.F.R. § 1240.66(a) (2021) provides that "[t]o establish eligibility for [NACARA] special rule cancellation of removal, the applicant must show he or she is . . . *not . . . subject to any bars to eligibility in sections* 240(b)(7), *240A(c)*, or 240B(d) of the Act." (Emphases added.) Logic dictates that if an applicant for special rule cancellation of removal under the NACARA must establish that he or she is not barred by section 240A(c)(6) of the Act from obtaining relief based on a prior grant of cancellation of removal under section 240A(a) or (b)(1), then the inverse must also be true: An applicant for cancellation of removal pursuant to section 240A(a) or (b)(1) must show that he or she is not barred from seeking relief under section 240A(c)(6) based on a prior grant of NACARA special rule cancellation of removal.[5]

In view of the foregoing, we conclude that the respondent's prior receipt of special rule cancellation of removal under the NACARA bars her, under section 240A(c)(6) of the Act, from applying for cancellation of removal under section 240A(a) of the Act. In light of this disposition, we need not reach the Immigration Judge's alternative determination that the respondent did not establish 7 years of continuous residence in the United States after being admitted in any status, as required by section 240A(a)(2) of the Act. The statutory bar under section 240A(c)(6) precludes her from being granted cancellation of removal under section 240A(a) of the Act irrespective of whether she has established the requisite period of continuous residence.

---

[5] This is particularly true considering the ameliorative purpose of the NACARA. *See generally Matter of Garcia*, 24 I&N Dec. 179, 181 (BIA 2007) ("Congress enacted the NACARA to ameliorate the 'harsher effects' of prior legislation . . . ." (citation omitted)). Because section 240A(c)(6) of the Act precludes an applicant from satisfying the less onerous requirements of special rule cancellation of removal under the NACARA, it stands to reason that section 240A(c)(6) also precludes an applicant from obtaining the more demanding relief of cancellation of removal under section 240A(a) or (b)(1) of the Act where the applicant has previously benefited from the NACARA.

*See generally INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002).[6]  Accordingly, the respondent's appeal will again be dismissed.

**ORDER:**  The appeal is dismissed.

---

[6]   The Ninth Circuit also requested that we consider whether, based on the respondent's grant of temporary protected status, she has established the necessary period of continuous residence in light of its decision in *Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017). *See Hernandez-Romero*, 783 F. App'x at 759.  However, the Supreme Court abrogated *Ramirez*. *See Sanchez v. Mayorkas*, 141 S. Ct. 1809, 1815 (2021) (concluding that a grant of temporary protected status is not a "lawful admission" within the meaning of section 245 of the Act, 8 U.S.C. § 1255 (2018)).  The issue of the respondent's continuous residence may further be impacted by the Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479–80 (2021), which held that the service of a notice to appear that fails to specify the time or place of the initial removal hearing does not trigger the "stop-time" rule set forth at section 240A(d)(1) of the Act, even after the missing information is provided in a subsequent notice of hearing.  However, we need not analyze the impact of these decisions on the respondent's case because our conclusion that section 240A(c)(6) of the Act bars her from applying for cancellation of removal is dispositive. *See, e.g.*, *Bagamasbad*, 429 U.S. at 25.