**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HYUK JOON LIM,

*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,

*Respondent*.

No. 09-70042

Agency No.
A072-951-683

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2013[*]
Pasadena, California

Filed March 26, 2013

Before: Diarmuid F. O'Scannlain, Stephen S. Trott,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Trott

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Hyuk Joon Lim's petition for review of the Board of Immigration Appeals' decision finding him ineligible for cancellation of removal for failure to establish the requisite continuous physical presence in the United States.

The panel held that Lim did not qualify for the continuous presence exception available to aliens who served in active duty in the United States Armed Forces, under 8 U.S.C. § 1229b(d)(3), because he was absent from this country while completing mandatory military service in the South Korean armed forces. The panel held that Congress had a rational basis for limiting the exception to aliens serving in our military.

### COUNSEL

Michael S. Cabrera, Law Offices of Michael S. Cabrera, Huntington Park, California, for Petitioner.

Susan Bennett Green, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

TROTT, Circuit Judge:

Hyuk Joon Lim, a native and citizen of South Korea, petitions for review of a decision by the Board of Immigration Appeals ("Board") ordering his removal from the United States because he violated the terms of his student visa.

Lim contends the Board erred in concluding he was statutorily ineligible for cancellation of removal because he did not have the required ten years of continuous presence in the United States immediately preceding his application for relief, as required by 8 U.S.C. § 1229b(b)(1), (d)(1).

We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1252(a)(1), which we deny.

**I**

Lim claims he first entered the United States in 1989, at the age of 18. He returned to South Korea from December 1994 to August 1998 and served in its military from May 1995 to May 1998. He came back from South Korea in 2001 on a visitor's visa, which he converted to a student visa on July 16, 2004. By not staying in school and by taking a job at a store in Los Angeles, he violated the terms of his status. Lim was served with a Notice to Appear on February 27, 2006, and proceedings commenced on March 2, 2006. Lim concedes the truth of these facts. To have accrued ten years of continuous physical presence before being served with the Notice to Appear, he would have needed to be in the United States since February 27, 2006.

## II

Lim conceded that he could not satisfy the "continuous presence" demands of this statute because he had been out of the country from 1994 to 1998 while completing mandatory military service in the South Korean armed forces. In an attempt to overcome this deficiency, he argued that his absence should not count against him because of "the unique military relationship between the United States and South Korea," citing a 1953 mutual defense treaty between the two allies. In support of his contention, he invoked "due process" and by implication the right to equal protection under the law. He asserted that he qualified for the special continuous presence exception available to honorably discharged aliens who have served for twenty-four months "in active duty status in the Armed Forces of the United States." *See* 8 U.S.C. § 1229b(d)(3).

## III

Cancellation of removal is a form of discretionary relief which does not give rise to a "substantive interest protected by the Due Process Clause." *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003). Insofar as Lim asserts that Congress somehow violated constitutional commands when it limited the exception upon which he relies to aliens serving in the U.S. military, we review congressional policy only to determine whether it rationally advances a legitimate government purpose. *Reno v. Flores*, 507 U.S. 292, 305–06 (1993). Moreover, the Supreme Court has stated that "over no conceivable subject is the legislative power of Congress more complete than it is over" the admission of aliens. *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909); *accord Shaughnessy v. United States ex rel.*

*Mezei*, 345 U.S. 206, 210 (1953) ("[T]he power to expel or exclude aliens [is] a fundamental sovereign attribute . . . largely immune from judicial control."). Lim asserted that service in a foreign military "controlled by the U.S. should count as service in the U.S. military." The Board was not persuaded by Lim's novel theory.

## IV

The government advances an unassailable argument in support of the rational basis of the statute's limitation to aliens serving in our military. The government points out that aliens serving in our military are available for deployment wherever they are needed, whereas an alien serving in the South Korean military — or for that matter any other military — has not been shown to be available for deployment at will by our government. Thus, the limited exception fashioned by Congress functions as a valuable quid pro quo in return for assistance in our national defense. The rule advocated by Lim would not. In this vein, the government directs us to 8 U.S.C. §§ 1439 and 1440, which make naturalization available on preferential terms to persons who have served in our armed forces. The Supreme Court has indicated that this preference expresses "the gratitude of the country toward aliens who render service in its armed forces in its defense." *Tak Shan Fong v. United States*, 359 U.S. 102, 107 (1959). We suppose that Congress as a policy matter could extend the privilege Lim seeks to persons serving in the armed forces of our allies, but the short and conclusive answer is that it has not done so.

In what amounts to tortured logic, Lim asserts that our opinion in *Daberkow v. United States*, 581 F.2d 785 (9th Cir. 1978), supports his argument. We held in *Daberkow* that

United States citizen-relatives of a German officer killed in joint military exercises with the United States could not use the Federal Tort Claims Act (FTCA) to sue the United States government. *Id.* at 788. In so holding, we pointed out that not even United States military personnel can follow this legal path against our government. Lim illogically claims that it follows from *Daberkow* that he, as a foreign citizen who was formerly in another nation's military, is entitled to equal constitutional footing with aliens in our armed forces who are not able to sue our government using the FTCA, and that therefore, he is entitled to the same immigration benefit as his supposed counterparts — all as a matter of constitutional imperative. Suffice it to say that we find this fanciful argument to be unconvincing.

**PETITION DENIED.**