

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ESTHER CRUZ QUIROZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-71765 <br><br> Agency No. A200-444-242 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Esther Cruz Quiroz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on numerous inconsistencies between Cruz Quiroz's testimony, her witnesses' testimony, and her documentary evidence. *See* 8 U.S.C. § 1229a(c)(4)(B)-(C); *Shrestha*, 590 F.3d at 1039-45 (detailing REAL ID Act adverse credibility standards). Cruz Quiroz's explanations for the inconsistencies, including her contentions regarding her husband's mental illness, do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

The record does not support Cruz Quiroz's contentions that the BIA failed to consider relevant evidence and arguments presented on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We reject Cruz Quiroz's contention that she was denied a fair hearing, *see Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was

prevented from reasonably presenting his case" (internal quotation marks and citation omitted)), or denied a substantive due process right, *see Lim v. Holder*, 710 F.3d 1074, 1076 (9th Cir. 2013) ("Cancellation of removal is a form of discretionary relief which does not give rise to a substantive interest protected by the Due Process Clause." (internal quotation marks and citation omitted)).

    **PETITION FOR REVIEW DENIED**.