**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ARNULFO BARENCA-RAMIREZ, | No. 21-152 |
| Petitioner, | Agency No. A216-554-246 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023**
San Francisco, California

Before: BOGGS,*** M. SMITH, and OWENS, Circuit Judges.

An immigration judge (IJ) denied Arnulfo Barenca-Ramirez's application for

cancellation of removal, and the Board of Immigration Appeals (BIA) affirmed.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Barenca-Ramirez petitioned this court for review, challenging the agency's determination as to the hardship to his family and its denial of his due-process claim. We dismiss Barenca-Ramirez's challenge to the agency's hardship determination for lack of jurisdiction and deny his due-process claim.

The Attorney General may cancel Barenca-Ramirez's removal if he: (1) has been physically present in the United States for a continuous period of at least ten years at the time of his application; (2) has been a person of good moral character during that period; (3) has not been convicted of certain criminal offenses; and (4) establishes that removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child, who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1).

We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's decision. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022).

1. We lack jurisdiction to review purely factual challenges to the findings underpinning the agency's hardship determination. 8 U.S.C. § 1252(a)(2)(B)(i); *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam). However, we can review constitutional claims or questions of law pertaining to the agency's hardship determination. 8 U.S.C. § 1252(a)(2)(D).

We lack jurisdiction to review Barenca-Ramirez's hardship challenge because he disputes only the "factual and predictive findings" of the IJ. Barenca-Ramirez

2

challenges the IJ's findings as to the effect of removal on Barenca-Ramirez's landscaping business, his medical condition, his daughters' sources of financial support, and their emotional well-being. In short, Barenca-Ramirez urges us to reweigh his evidence, an exercise that we lack jurisdiction to pursue. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

Barenca-Ramirez also argues that the Board erred by not considering the hardships that his removal would impose on his wife, Guadalupe Salcedo, who is a lawful permanent resident. However, Barenca-Ramirez acknowledged to both the IJ and the BIA that Ms. Salcedo, who was not his wife at the time of those proceedings, was not a qualifying relative for cancellation purposes. The agency made no determination in these regards that we can review.[1]

2. Barenca-Ramirez argues that the IJ's decision to prevent his wife from testifying by telephone deprived him of his due-process right to present his case to the agency. This challenge raises a colorable due-process claim that we may review. 8 U.S.C. § 1252(a)(2)(D). The denial of discretionary cancellation relief cannot violate a "substantive interest protected by the Due Process Clause." *Hyuk Joon Lim v. Holder*, 710 F.3d 1074, 1076 (9th Cir. 2013) (quoting *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003)). However, violations of procedural due process, which are

---

[1] Accordingly, Barenca-Ramirez's motion to supplement the record (Dkt No. 16) is **DENIED**.

3

"predicated on the right to a full and fair hearing, are not affected by the nature of the relief sought." *Fernandez v. Gonzales*, 439 F.3d 592, 602 n.8 (9th Cir. 2006) (citation omitted). Although Barenca-Ramirez cannot substantively challenge the agency's denial of cancellation on due-process grounds, he can challenge the procedure on which that denial rests, including the IJ's decision to bar the remote testimony from Barenca-Ramirez's wife.

We review Barenca-Ramirez's due-process claim de novo. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). A removal proceeding violates due process if: (1) "the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case,' and (2) the alien demonstrates prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (citations omitted) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

The IJ's decision to exclude proposed testimony from Barenca-Ramirez's wife neither prevented Barenca-Ramirez from reasonably presenting his case nor prejudiced the outcome of his cancellation proceeding. *Colmenar*, 210 F.3d at 971. The IJ admitted into the record written declarations from Barenca-Ramirez's wife and considered them in conjunction with Barenca-Ramirez's testimony and other evidence. Noting both credibility concerns with testimony via telephone, and

4

COVID-19 restrictions in place at the time, the IJ assured Barenca-Ramirez that he would give due weight to Ms. Salcedo's declarations. Barenca-Ramirez emphasizes the IJ's "flawed and harsh" reasons for barring Ms. Salcedo's testimony and notes that the IJ allowed the parties' attorneys to appear by telephone. But, crucially, Barenca-Ramirez does not explain how this kept him from reasonably presenting his case. Despite excluding Ms. Salcedo's testimony, the IJ ensured that Barenca-Ramirez could present her perspective.

Nor can Barenca-Ramirez demonstrate prejudice. Barenca-Ramirez asserted that his wife's testimony was "crucial" to the IJ's hardship determination but did not identify how it would have differed from her written declaration. Even if Ms. Salcedo was the "best person to discuss" any hardships to her and Barenca-Ramirez's daughter Sarah, she described those hardships in her declarations. To the extent that Barenca-Ramirez asserts that his daughter's experience "cannot be adequately described in a written detailed declaration," he fails to explain how his wife's "first-hand knowledge" would meaningfully fill in the gaps. And Barenca-Ramirez's own testimony recounted many of the same details as his wife's declarations. The agency weighed that testimony in its hardship determination. Because Barenca-Ramirez has not shown what Ms. Salcedo's testimony would have added to the record, nor how that testimony might have affected the outcome of his

5

proceeding, he has not established prejudice and thus cannot succeed on his due-process claim.

3. Barenca-Ramirez also argues that the IJ lacked jurisdiction to decide his case because his Notice to Appear had failed to designate the time and place of his initial hearing. Because Barenca-Ramirez did not raise this argument below in his administrative proceedings, his claim is unexhausted and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The petition is **DISMISSED** in part and **DENIED** in part.