NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PABLO EDWIN PIRIR-CHITAY,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.  21-898

Agency No. A071-583-933

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023[**]
Pasadena, California

Before:  SANCHEZ and MENDOZA, Circuit Judges, and DONATO,[***] District Judge.

Petitioner Pablo Edwin Pirir-Chitay, a native and citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

denying a motion to sua sponte reopen his removal proceedings.[1] We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of a motion to reopen. *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022). But "we have no jurisdiction to review the BIA's sua sponte authority," *Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020), except "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error," *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We review due process claims de novo. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).

The BIA did not err in concluding that Pirir-Chitay was ineligible to seek cancellation of removal under 8 U.S.C. § 1229b(a). The BIA applied a precedential decision in *Matter of Hernandez-Romero*, 28 I. & N. Dec. 374, 378 (B.I.A. 2021) to find that 8 U.S.C. § 1229b(c)(6) barred Pirir-Chitay from seeking cancellation of removal because he had previously been granted a special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA).[2] Pirir-Chitay's argument that

---

[1] The BIA denied the motion to reopen as untimely and number-barred under 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2(c). Pirir-Chitay did not challenge that decision in his opening brief. Consequently, this claim is waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

[2] Pub. L. No. 105-100, 111 Stat. 2196 (1997), *amended by* Pub. L. 105-139, 111 Stat. 2644 (1997).

*Hernandez-Romero* was wrongly decided is foreclosed by our decision in *Hernandez v. Garland*, 38 F.4th 785, 792 (9th Cir. 2022) (finding special rule cancellation under NACARA § 203 is cancellation of removal under 8 U.S.C. § 1229b, and so request for second cancellation is barred by 8 U.S.C. § 1229b(c)(6)).[3]

Pirir-Chitay also argues that the BIA's reliance on *Hernandez-Romero* was a due process violation because that decision was issued while his motion to reopen was pending and applied "retroactively" without additional opportunity for briefing. Pirir-Chitay's argument fails because he does not have a "legitimate claim of entitlement" to submit additional briefing on his motion for sua sponte reopening. *Ruiz-Diaz v. United States*, 703 F.3d 483, 487 (9th Cir. 2012). No statute or regulation provides Pirir-Chitay with a right to submit additional briefing. *See generally Bonilla*, 840 F.3d at 585. And although the BIA cannot rely on "legal or constitutional error" when declining to reopen proceedings sua sponte, *id.* at 588, the agency otherwise has broad discretion to consider (or to ignore) information that may be relevant to its decision, *id.* at 585. As discussed

---

[3] The government suggests that Pirir-Chitay did not exhaust his challenge to *Hernandez-Romero* under 8 U.S.C. § 1252(d). But the exhaustion requirement "is not jurisdictional and does not oblige a noncitizen to seek discretionary review, like reconsideration before the [BIA]." *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1120 (2023). We have jurisdiction over his claim that the denial of sua sponte reopening was based on legal error. *Bonilla*, 840 F.3d at 588.

above, the BIA's explanation for denying Pirir-Chitay's motion for sua sponte reopening contained no legal or constitutional error. The agency's exercise of its discretion therefore did not deprive him an "interest protected by the Due Process Clause." *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 669 (9th Cir. 2016) (quoting *Hyuk Joon Lim v. Holder*, 710 F.3d 1074, 1076 (9th Cir. 2013)).

Because we find no legal or constitutional error, we lack jurisdiction to review the BIA's decision to deny sua sponte relief. *Bonilla*, 840 F.3d at 588.

**PETITION DENIED in part and DISMISSED in part**.