**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANUEL ANTONIO HERNANDEZ,
AKA Manuel Antonio Hernandez,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney
General,
*Respondent.*

No. 20-70158

Agency No.
A073-897-003

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2022
San Francisco, California

Filed June 27, 2022

Before: Richard R. Clifton and Milan D. Smith, Jr., Circuit
Judges, and Christina Reiss,[*] District Judge.

Opinion by Judge Reiss

---

[*] The Honorable Christina Reiss, United States District Judge for the
District of Vermont, sitting by designation.

## SUMMARY[**]

### Immigration

Denying Manuel Antonio Hernandez's petition for review of a decision by the Board of Immigration Appeals ("BIA"), the panel held that Hernandez's previous grant of special rule cancellation of removal and adjustment of status to lawful permanent resident under section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA") qualified as a cancellation of removal under 8 U.S.C. § 1229b, thus rendering him ineligible for a second grant of cancellation of removal pursuant to 8 U.S.C. § 1229b(c)(6).

Hernandez first argued that § 1229b(c)(6)'s bar did not apply to him because at the time he applied for and was granted NACARA special rule cancellation of removal, he had not been served a Notice to Appear, appeared before an IJ, or had a final finding of removability entered against him, and thus there was no removal to be cancelled. The panel rejected this argument explaining that nothing in § 1229b or NACARA requires removal proceedings to be initiated or finalized as a precondition to cancellation.

The panel next rejected Hernandez's argument that he previously received only an adjustment of status, and not cancellation of removal, concluding that a plain reading of NACARA § 203 indicates a clear intent by Congress that adjustment of status occurs if, and only if, cancellation of removal is granted.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel also rejected Hernandez's argument that § 1229b is merely a procedural vehicle through which NACARA § 203(b) relief is granted, explaining that NACARA incorporates *substantive* provisions of § 1229b as well.

Finally, the panel wrote that even assuming arguendo that it is ambiguous whether special rule cancellation of removal under NACARA bars subsequent cancellation of removal under § 1229b(c)(6), the BIA's unpublished decision in this case was entitled to *Skidmore* deference.

## COUNSEL

Camille Wyss and Chelsea Muir (argued), Certified Law Students; Judah Lakin (argued) and Amalia Wille, Supervising Attorneys; University of California, Berkeley School of Law, Berkeley, California; for Petitioner.

Liza S. Murcia (argued), Attorney; Abigail E. Leach, Trial Attorney; Jeffery R. Leist, Senior Litigation Counsel; Anthony C. Payne, Assistant Director; Brian M. Boynton, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

REISS, District Judge:

Petitioner Manuel Antonio Hernandez, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") decision pretermitting his application for cancellation of removal under 8 U.S.C. § 1229b(a).

In 2002, Petitioner was granted special rule cancellation of removal and adjustment of status to lawful permanent resident under section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA").[1] In 2015, following Petitioner's conviction for possession of a controlled substance under California law, removal proceedings were instituted against him and the IJ found him removable as charged. Petitioner applied for cancellation of removal under 8 U.S.C. § 1229b(a). The IJ found, and the BIA affirmed, that Petitioner was ineligible for cancellation of removal because his "removal ha[d] previously been cancelled under this section." 8 U.S.C. § 1229b(c)(6). Petitioner timely petitioned for review.

This appeal presents a question of statutory interpretation: Is a cancellation of removal under NACARA § 203 a cancellation of removal under 8 U.S.C. § 1229b? Because a plain reading of the relevant statutes establishes that it is, we deny the petition.

---

[1] Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2198 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997).

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner first came to the United States from El Salvador in 1993 at age eleven. In 2000, Petitioner filed an "Application for Suspension of Deportation or Special Rule Cancellation of Removal (pursuant to [NACARA § 203])" with the United States Immigration and Naturalization Service ("INS"). On May 31, 2002, Petitioner appeared before an asylum officer who granted Petitioner special rule cancellation and adjustment of status to lawful permanent resident under NACARA § 203.

On September 3, 2014, in Los Angeles County Superior Court, Petitioner pled no contest and was convicted of possession of a controlled substance, methamphetamine, in violation of California Health and Safety Code § 11377(a). He was sentenced to a term of probation and ordered to participate in a drug rehabilitation program, which he successfully completed.

On May 21, 2015, the United States Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, charging him with removability because he was convicted of violating a law "relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). On June 26, 2015, after a hearing, the IJ found Petitioner removable as charged.

On August 23, 2016, Petitioner submitted an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). DHS argued that Petitioner was ineligible for cancellation of removal because he was previously granted special rule cancellation of removal under NACARA § 203 and "anyone granted cancellation cannot get a second grant" under 8 U.S.C. § 1229b(c)(6). The IJ ordered, and the parties submitted, supplemental briefing on the issue. On March 27, 2018, the IJ denied Petitioner's request for cancellation of

removal, holding: "As the respondent has already received special-rule cancellation of removal under [NACARA], he is statutorily barred under [8 U.S.C. § 1229b(c)(6)] from reapplying for and receiving cancellation of removal under [8 U.S.C. § 1229b](a)."

Petitioner timely appealed the IJ's decision to the BIA, which dismissed his appeal on December 17, 2019. In doing so, the BIA noted that Petitioner did not contest "that he was granted special rule cancellation of removal." The BIA held that special rule cancellation "was explicitly made subject to the provisions of [8 U.S.C. § 1229b]," and therefore the IJ "correctly found the respondent ineligible for cancellation of removal." The BIA rejected Petitioner's argument that he was eligible for cancellation of removal because his earlier cancellation under NACARA was granted administratively by INS, not by an IJ during removal proceedings.

## JURISDICTION AND STANDARD OF REVIEW

In reviewing "any judgment regarding the granting of relief under . . . [8 U.S.C. §] 1229b," our jurisdiction is limited to "review of constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D); *see also Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016). "We review questions of law de novo, except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations." *Aragon-Salazar v. Holder*, 769 F.3d 699, 703 (9th Cir. 2014) (citing *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009)). "Because the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013) (citing *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005)).

**DISCUSSION**

Petitioner argues on appeal that the IJ and BIA erred in finding that his special rule cancellation of removal under NACARA § 203 triggered 8 U.S.C. § 1229b(c)(6)'s bar on subsequent cancellation of removal. He asserts he received only an adjustment of status, not a cancellation of removal and, in any event, a cancellation of removal under NACARA is not a cancellation of removal under 8 U.S.C. § 1229b. The IJ and BIA rejected his arguments.

"[W]hen reviewing the BIA's interpretation of its governing statutes," we apply "the *Chevron* two-step framework." *Aragon-Salazar*, 769 F.3d at 703 (citing *Marmolejo-Campos v. Holder*, 558 F.3d 903, 908 (9th Cir. 2009) (en banc)); *see also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). "Accordingly, we must first determine whether 'the intent of Congress is clear.'" *Aragon-Salazar*, 769 F.3d at 703 (quoting *Chevron*, 467 U.S. at 842). "If it is, both [we] and the agency 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (alteration in original) (quoting *Marmolejo-Campos*, 558 F.3d at 908). "If, however, the statute is 'silent or ambiguous,'" we must decide whether to defer to the BIA's interpretation. *Id.* (quoting *Chevron*, 467 U.S. at 843).

Because the BIA's decision in this case was unpublished, *Chevron* deference is inapplicable, and we instead apply *Skidmore* deference. *See Marmolejo-Campos*, 558 F.3d at 909. *See generally Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). "Pursuant to *Skidmore*, a reviewing court may properly resort to an agency's interpretations and opinions for guidance, as they constitute a body of experience and informed judgment." *Orellana v. Barr*, 967 F.3d 927, 934

(9th Cir. 2020) (internal quotation marks omitted) (quoting *Garcia v. Holder*, 659 F.3d 1261, 1266–67 (9th Cir. 2011)).

"[W]e begin where all such inquiries must begin: with the language of the statute itself." *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1056 (2019) (internal quotation marks omitted) (quoting *Caraco Pharm. Lab'ys, Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 412 (2012)). The relevant section of NACARA is titled "Special Rule for Cancellation of Removal" and provides that "the Attorney General may, under section 240A of such Act [*i.e.*, 8 U.S.C. § 1229b], *cancel removal* of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States, if the alien applies for such relief" and meets certain criteria. NACARA § 203(a)(2) (emphasis supplied). Special rule cancellation of removal under NACARA is "[s]ubject to the provisions of the Immigration and Nationality Act . . . other than subsections b(1), d(1), and (e) of section 240A of such Act [*i.e.*, 8 U.S.C. § 1229b(b)(1), (d)(1), (e)]." *Id.* Section § 1229b(c)(6)'s statutory bar prohibits "[a]n alien whose removal has previously been cancelled under this section" from receiving a second cancellation of removal under § 1229b.

We first address Petitioner's contention that he is not "[a]n alien whose removal has previously been cancelled," 8 U.S.C. § 1229b(c)(6), because the "statutory bar only applies to applicants who have previously been in removal proceedings." At the time he applied for and was granted a special rule cancellation of removal under NACARA, Petitioner had not been served a Notice to Appear, appeared before an IJ, or had a final finding of removability entered against him. Accordingly, he argues "there was no removal to be cancelled."

Nothing in 8 U.S.C. § 1229b or NACARA requires removal proceedings to be initiated or finalized as a precondition to cancellation. To "cancel" means "to decide not to conduct or perform (something planned or expected) usually without expectation of conducting or performing it at a later time." *Cancel*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/cancel (accessed Apr. 14, 2022); *see also Cancel*, Webster's Third New International Dictionary (2002) (defining "cancel" as "to cease from planning or expecting: call off usu[ally] without expectation of conducting or performing at a later time"). At the time he applied for special rule cancellation under NACARA, Petitioner's removal was expected and thus eligible for cancellation within the plain meaning of that term.[2]

Petitioner's contention that the Attorney General may both cancel removal and adjust status, but is not "*always required* to do both," has no relevance in his case because he received both forms of relief. The INS asylum officer's "decision" on Petitioner's NACARA application was "suspension of deportation or special rule cancellation of removal *and* adjustment of status granted." (Emphasis supplied) (capitalization omitted).

A plain reading of NACARA § 203 indicates a clear intent by Congress that adjustment of status occurs if, and only if, cancellation of removal is granted. *Cf. Garcia-Mendez v. Lynch*, 788 F.3d 1058, 1064 (9th Cir. 2015)

---

[2] Under penalty of perjury, Petitioner certified in his NACARA application that he was "eligible to apply for suspension of deportation or special rule cancellation of removal under [NACARA]" and acknowledged that he was "subject to deportation or removal if [his] application [was] not granted."

("Special rule cancellation . . . permits an alien . . . the opportunity to cancel deportation and *automatically* become a lawful permanent resident . . . ." (emphasis supplied) (citing 8 U.S.C. § 1229b(b)(2))).[3] The Attorney General is empowered to cancel removal of *and* adjust the status of an alien. *See Confederated Tribes & Bands of Yakama Nation v. Yakima County*, 963 F.3d 982, 990 (9th Cir. 2020) (noting "the ordinary meaning of 'and' is typically conjunctive" though it can "take on other meanings in context" (citing *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018))), *cert. denied*, 141 S. Ct. 2464 (2021).

NACARA incorporates 8 U.S.C. § 1229b(b)(3), which provides that "[w]ith respect to aliens who the Attorney General adjusts to the status of an alien lawfully admitted for permanent residence," the Attorney General is required to record the date of their lawful admission as "the date of the Attorney General's cancellation of removal." 8 U.S.C. § 1229b(b)(3). In *Garcia-Mendez*, we upheld the BIA's interpretation that "'cancellation of removal and adjustment of status' is distinct from mere 'adjustment of status.'" 788 F.3d at 1064 (quoting *Matter of Y-N-P-,* 26 I. & N. Dec. 10, 15 (BIA 2012) (holding that under special rule cancellation of removal, "lawful permanent resident status is granted solely as a consequence of the cancellation of removal")). "The plain text, the statutory context, and common sense all lead inescapably and unambiguously to [the] conclusion" that, under NACARA, cancellation of

---

[3] While *Garcia-Mendez* concerned special rule cancellation of removal under 8 U.S.C. § 1229b(b)(2), the relevant statutory language allowing the Attorney General to "cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien," is identical to NACARA § 203.

removal triggers adjustment of status. *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018).

Petitioner fares no better with his claim that a special rule cancellation of removal under NACARA § 203 is not a cancellation "under this section [*i.e.*, 8 U.S.C. § 1229b]." 8 U.S.C. § 1229b(c)(6). He argues that § 1229b is merely a "*procedural vehicle* through which NACARA § 203(b) relief is granted," but NACARA incorporates the *substantive* provisions of § 1229b as well, with limited exceptions. Both NACARA and § 1229b are part of the same statutory framework, which we must interpret "as a symmetrical and coherent regulatory scheme," and "fit, if possible, all parts into an harmonious whole." *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (internal quotation marks and citations omitted). In passing NACARA, Congress "spoke[] subsequently and more specifically to the topic at hand," *id.*, to allow the Attorney General to grant § 1229b cancellation of removal and adjustment of status to certain applicants under more lenient standards.[4] This did not place NACARA § 203 special rule cancellation of removal "*outside* of § 1229(b)," as Petitioner

---

[4] *See Aragon-Salazar*, 769 F.3d at 701 ("In enacting NACARA, Congress relaxed the requirements of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, for cancellation of removal for [certain] aliens by applying the less stringent pre-IIRIRA requirements." (citing *Barrios v. Holder*, 581 F.3d 849, 857 (9th Cir. 2009); *Munoz v. Ashcroft*, 339 F.3d 950, 955–56 (9th Cir. 2003))); *see also Campos-Hernandez v. Sessions*, 889 F.3d 564, 567 (9th Cir. 2018) ("NACARA was enacted in 1997 to provide immigration benefits to nationals from certain Central American and Eastern European countries, including El Salvador. In particular, '[s]ection 203 of NACARA allows qualified individuals to apply for special rule cancellation under the more lenient standards that existed before the passage of [IIRIRA].'" (alterations in original) (internal citations omitted) (quoting *Barrios*, 581 F.3d at 857)).

contends. To the contrary, in *Monroy*, we held that, "as with non-NACARA cancellation of removal," 821 F.3d at 1177, special rule cancellation of removal under NACARA is "relief *under* section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i) (emphasis supplied).

The only other Circuit Court of Appeals to address this issue in a published decision interprets the relevant statutes in accord with our approach:

> Special-rule cancellation under [NACARA] is the same as cancellation under [8 U.S.C. § 1229b]. This is the plain reading of section 203 of [NACARA]. Because [petitioner] has already received special-rule cancellation of removal under [NACARA], he is statutorily barred, under [§ 1229b(c)(6)], from reapplying for and receiving cancellation of removal under [§ 1229b](a).

*Sejdini v. Holder*, 714 F.3d 399, 402 (6th Cir. 2013). Although a panel of this court found, in an unpublished opinion, that "it is ambiguous whether Congress intended § 1229b(c)(6) to extend to NACARA § 203 recipients," *Hernandez-Romero v. Barr*, 783 F. App'x 758, 759 (9th Cir. 2019), that opinion is not precedent and provides scant support for Petitioner's arguments here. *Hernandez-Romero* was remanded to the BIA, which issued a published decision holding that because a "prior grant of special rule cancellation of removal under the NACARA [is] 'under [§ 1229b],' the plain language of [§ 1229b(c)(6)] precludes [an applicant] from [subsequently] obtaining cancellation of removal under [§ 1229b(a)]." *Matter of Hernandez-Romero*, 28 I. & N. Dec. 374, 376 (BIA 2021) (citing, *inter alia*, *Sejdini*, 714 F.3d at 402).

Even assuming *arguendo* that it is ambiguous whether special rule cancellation of removal under NACARA bars subsequent cancellation of removal under 8 U.S.C. § 1229b(c)(6), we would still uphold the BIA's determination.[5] "Under *Skidmore*, the measure of deference afforded to the agency varies 'depending upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Marmolejo-Campos*, 558 F.3d at 909 (alteration adopted) (quoting *Skidmore*, 323 U.S. at 140). Here, the BIA held that NACARA § 203 was "explicitly made subject to the provisions of" 8 U.S.C. § 1229b and that the IJ therefore "correctly found [Petitioner] ineligible for cancellation of removal." While the BIA's analysis is not extensive, its reasoning is persuasive and consistent with its subsequent precedential decision in *Hernandez-Romero*. We therefore would defer to it under *Skidmore*. *See Orellana*, 967 F.3d at 934 (holding that *Skidmore* deference is not "preclude[d]" just because the BIA's analysis is "not extensive").

## CONCLUSION

We conclude that "the intent of Congress is clear" that special rule cancellation of removal under NACARA § 203

---

[5] Although the BIA's published decisions warrant *Chevron* deference, unpublished decisions ordinarily warrant only *Skidmore* deference unless they rely on a prior published decision. *See Route v. Garland*, 996 F.3d 968, 975 (9th Cir. 2021). The BIA's decision here predated its published decision in *Hernandez-Romero*, so it understandably did not rely on that case. In any event, because we uphold the BIA's decision even without the benefit of *Chevron* deference, we agree with the government that there is no need to remand this case for the BIA to apply *Hernandez-Romero*.

is cancellation of removal under 8 U.S.C. § 1229b. *Chevron*, 467 U.S. at 842. The IJ and BIA therefore did not err in determining that Petitioner's request for a second cancellation of removal is barred by 8 U.S.C. § 1229b(c)(6).

**PETITION DENIED.**