**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SHU HAN SUN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   22-1914

Agency No.       A201-427-012

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2024[**]
San Francisco, California

Before:  S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Petitioner Shu Han Sun, a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing her appeal of an Immigration Judge's ("IJ") denial of her applications

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, this Court treats the incorporated parts of the IJ's decision as the BIA's. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review factual findings, including adverse credibility findings, for substantial evidence. *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010). We review questions of law de novo. *Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022). We deny the petition for review.

I

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding Sun's religious practices and whether the police beat Sun after her release from detention. If the agency determines a respondent is not credible, it must provide "specific and cogent reasons" explicitly supporting its finding. *Shrestha v. Holder*, 590 F.3d 1034, 1042–43 (9th Cir. 2010). In each instance, the agency referred to specific inconsistencies in the record, afforded Sun opportunities to explain these inconsistencies, and provided specific and cogent reasons for rejecting those explanations. *See id.*, 590 F.3d at 1043. The

inconsistency regarding Sun's religious practices is significant because Sun's religion forms the basis of her claim for persecution. *See id.* at 1044, 1047 (noting that "when an inconsistency is at the heart of the claim it doubtless is of great weight"). The inconsistency regarding whether Sun was harmed by the police after her detention is also significant because it bears on whether Sun experienced harm that rose to the level of persecution.

Sun advances several other arguments regarding the agency's adverse credibility finding, none of which are availing. First, Sun's Customs and Border Protection ("CBP") interview contained sufficient indicia of reliability because it was conducted under oath, with the assistance of two Mandarin interpreters, the CBP officer asked follow up questions, and the CBP officer's notes indicated that Sun did not appear to be unusually nervous or fearful. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). Next, the agency's finding that Sun's testimony regarding where Sun lived is inconsistent with Sun's mother's declaration is supported by the record. Sun also challenges the IJ's findings on her other corroborating evidence and the implausibility of her travels throughout China, but the BIA did not adopt or rely on these findings. Thus, the IJ's findings on these matters are outside the scope of this Court's review. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021).

Absent credible testimony, Sun fails to meet her burden to demonstrate that she experienced past persecution or that she had a well-founded fear of future persecution in China. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Accordingly, we deny Sun's applications for asylum and withholding of removal.

II

Substantial evidence supports the agency's conclusion that Sun failed to demonstrate eligibility for CAT protection. "Absent credible testimony, [Sun's] CAT claim rests on country conditions reports and other corroborating evidence in the record." *See Mukulumbutu*, 977 F.3d at 927. Sun's testimony was found not credible. Although Sun provides country condition documents indicating that there is harm and persecution of Christians in China, the reports are insufficient to establish that Sun herself faces a particularized risk of torture if she returns to China. *See id.* at 928; *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013).

**PETITION DENIED.**