NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARINTIA CRISTINA SILVA-
VALENCIA,

Petitioner,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

Nos. 24-1951, 24-5896

Agency No.
A204-851-455

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

In these consolidated petitions for review, Darintia Cristina Silva-Valencia, a

native and citizen of Mexico, challenges two determinations of the Board of

Immigration Appeals (BIA). In the first, the BIA reversed the immigration judge's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(IJ) conclusion that Silva-Valencia had established that her removal would cause exceptional and extremely unusual hardship and denied her application for cancellation of removal. Meanwhile, the BIA affirmed the IJ's denial of special rule cancellation of removal under the Violence Against Women Act (VAWA). In the second, the BIA denied Silva-Valencia's motion to reopen proceedings on her application for cancellation of removal, and her motion to reconsider the denial of her application for VAWA cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part the first petition for review, and we deny the second.

1.	Our jurisdiction to review the BIA's denial of an application for discretionary relief is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022). Silva-Valencia challenges the BIA's determination that she is ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D) because she did not demonstrate that her removal would result in "exceptional and extremely unusual hardship" to her two children. We apply "deferential" review to this mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024). Silva-Valencia has not shown any error under this standard.[1]

---

[1] Because Silva-Valencia's challenge fails under any deferential standard, we need not adopt a defined standard to satisfy *Wilkinson*'s instruction to apply "deferential" review.

Before the IJ, Silva-Valancia testified that her youngest child needs speech therapy due to a medical condition and that speech therapy is not reasonably available in Mexico.  But she did not produce documentary evidence corroborating these claims, so she did not satisfy the "exceptional and extremely unusual hardship" standard.  *See In re J-J-G-*, 27 I. & N. Dec. 808, 811–12 (B.I.A. 2020).

Silva-Valencia further argues that the BIA failed to consider evidence that her children would suffer exceptional and extremely unusual hardship if they remained in the United States because their father and Petitioner's family are ill suited to care for them permanently.  But she did not make this argument before the BIA and instead stated that her children would accompany her to Mexico.  Therefore, she failed to "sufficient[ly] put the BIA on notice" of this argument and did not exhaust it.  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation omitted).

Silva-Valencia also argues that she "may not" be able to work as a nursing assistant in Mexico, that Mexico's economy is poor, and that her children may have difficulty adjusting to life in Mexico.  But these arguments do not establish hardship to her children "substantially beyond that which would ordinarily be expected to result from [her] deportation." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 56 (B.I.A. 2001).  Silva-Valencia's claim that she would face hardship in Mexico is irrelevant to her application, because she must prove that her *children*

would experience the requisite hardship.  *See* 8 U.S.C. § 1229b(b)(1)(D).  Therefore, she cannot satisfy the statutory standard for cancellation of removal, and we deny in part her first petition for review.

Silva-Valencia also challenges the BIA's conclusion that the IJ did not clearly err in finding her ineligible for VAWA cancellation of removal.  In this argument, she seeks to relitigate the agency's factual conclusions, but we lack jurisdiction to review "factual question[s] raised in an application for discretionary relief."  *Wilkinson*, 601 U.S. at 222; *see also* 8 U.S.C. § 1252(a)(2)(B)(i).  We consequently dismiss the first petition to the extent it challenges the agency's denial of Silva-Valencia's application for VAWA cancellation of removal.

2.      We review the BIA's denial of a motion to reopen or a motion to reconsider for abuse of discretion, which occurs when the BIA's decision is "arbitrary, irrational, or contrary to law."  *Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012) (citation omitted); *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020) (citation omitted).  "A motion to reconsider addresses whether an IJ made errors of law or fact, whereas a motion to reopen may be granted only upon a proffer of new evidence that 'is material and was not available and could not have been discovered or presented at the former hearing.'"  *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017) (quoting 8 C.F.R. § 1003.23(2), (3)); *see also* 8 U.S.C. § 1229a(c)(6)(C), (7)(B).

The BIA rationally construed Silva-Valencia's "motion to reopen" as (1) a motion to reopen proceedings on her application for cancellation of removal based on newly submitted evidence, and (2) a motion to reconsider the BIA's legal conclusion that she was ineligible for VAWA cancellation of removal. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005); *Ayala*, 855 F.3d at 1020. After the BIA issued its final order of removal, Silva-Valencia had 30 days to file her motion to reconsider, 8 U.S.C. § 1229a(c)(6)(B), and 90 days to file her motion to reopen, 8 U.S.C. § 1229a(c)(7)(C)(i). She filed after both deadlines had passed so the BIA did not abuse its discretion when it denied her motions as untimely.

Silva-Valencia also argues the BIA should have explained why it denied sua sponte reopening, but the BIA is not required to do so. *Ekimian v. INS*, 303 F.3d 1153, 1157 (9th Cir. 2002) (denying petition for review where "the order provide[d] virtually no explanation as to why the [BIA] declined to exercise its sua sponte power to reopen in th[e] case"). Silva-Valencia thus identifies no "legal or constitutional error" in the BIA's denial of sua sponte reopening, and it is otherwise unreviewable. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

3.      In both petitions, Silva-Valencia argues that the agency violated her due process rights by failing to consider the evidence and acting with bias against her. We review such claims de novo. *Cruz Rendon v. Holder*, 603 F.3d 1104,

1109 (9th Cir. 2010), *as amended*.  Because she fails to identify relevant evidence that the BIA ignored or show that the BIA relied on "outside facts," she cannot overcome the presumption that the BIA considered the entire record.  *Fernandez*, 439 F.3d at 603.  Moreover, the BIA was not required to consider the "newly submitted evidence" when it denied her motions as untimely.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).  And nothing in the record shows the agency acted with "favoritism or antagonism that would make fair judgment impossible."  *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (citation omitted).  We deny both petitions to the extent they assert violations of Silva-Valencia's due process rights.[2]

**PETITIONS FOR REVIEW DENIED IN PART AND DISMISSED IN PART**

---

[2] The motion for a stay of removal is denied.  The temporary stay of removal is lifted.