NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ANDRES ZAVALA MORENO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-419 Agency No. A205-737-001 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.[***]

Petitioner Oscar Andres Zavala Moreno, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order affirming

an Immigration Judge's ("IJ") decision denying his applications for cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

removal, asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we

deny the petition.

Where, as here, "the BIA expresse[s] agreement with the reasoning of the IJ,

this court reviews both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d

993, 998 (9th Cir. 2013); *Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022).

In general, "[w]e review factual findings for substantial evidence and legal

questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review

claims of due process violations de novo. *Ibarra-Flores v. Gonzales*, 439 F.3d 614,

620 (9th Cir. 2006).

1. To be eligible for cancellation of removal, a noncitizen must establish

"that removal would result in exceptional and extremely unusual hardship" to a

qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). The BIA's factual findings

"underlying any determination on cancellation of removal" are "unreviewable"

pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). *Wilkinson v. Garland*, 601 U.S. 209, 218–

19, 225 (2024). However, this court has jurisdiction to review whether the agency

---

[1] On appeal, Moreno meaningfully challenges only the agency's denial of his applications for cancellation of removal and CAT protection. To the extent he seeks review of the agency's denial of withholding of removal, he does not meaningfully challenge that determination and appears to recognize his concession to the IJ that he is ineligible for such relief, so that issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

applied the correct legal standard in assessing hardship to qualifying relatives, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009), as well as whether a "given set of facts" satisfies that standard, *Wilkinson*, 601 U.S. at 221–22. Because the latter determination is "primarily factual," our review is "deferential." *Id.* at 225.

First, the BIA applied the correct standard in assessing the hardship to Moreno's qualifying relatives. To satisfy the hardship requirement, a noncitizen must "provide evidence of harm to his spouse, parent, or child substantially beyond that which ordinarily would be expected to result from the [noncitizen's] deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001)). Although relief is not limited to "those who have a qualifying relative with a serious medical condition," *In Re Gonzalez Recinas*, 23 I. & N. Dec. 467, 470 (B.I.A. 2002), "to the extent that a claim is based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition." *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020). The BIA correctly relied on these standards in evaluating Moreno's claim. *See Mendez-Castro*, 552 F.3d at 979 & n.2.

Second, the BIA did not err in determining that Moreno failed to demonstrate sufficient hardship to his qualifying relatives. The BIA affirmed the

IJ's findings that Moreno's daughter experiences depression and anxiety; that her medical conditions do not "significantly" inhibit her functioning and she is "otherwise healthy"; and that, although Moreno is his family's "breadwinner," his wife is also employed and has work authorization. Given these factual findings, the BIA reasonably determined that Moreno's daughter would not face "exceptional and extremely unusual" hardship if he were removed. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005). Likewise, the BIA reasonably determined that Moreno had not established sufficient hardship to his mother where the IJ found that he provided her with only occasional financial support.

2. Moreno fails to establish that the IJ violated his due process rights. "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores*, 439 F.3d at 620–21 (internal quotation marks and citations omitted). Moreno does not offer evidence to support his conclusory claims that the IJ denied him due process by "pre judg[ing] the merits of his application," "evinc[ing] a moral bias against" him, and demonstrating "an antagonism that made an objective and fair judgment impossible." Nor does he explain how these alleged violations affected the outcome of the proceedings or

how the IJ's "interpretation" of various facts demonstrates prejudice. He therefore fails to establish a reversable due process violation.

3. Substantial evidence supports the BIA's conclusion that Moreno is not entitled to CAT protection. "To be eligible for CAT relief, a petitioner must show that it is more likely than not that he would be tortured by or with the consent or acquiescence of a public official in the country of removal." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Moreno's experience of being struck by police officers, which occurred decades ago and which did not result in serious injury, does not compel a finding that Moreno will more likely than not be tortured if he returns to Mexico. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Likewise, general evidence of crime in Mexico is insufficient to establish a "particularized, ongoing risk of future torture" required for CAT protection. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).[2]

**PETITION DENIED.**

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.