NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO ESTUARDO MORALES AGUSTIN, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-2529 Agency No. A029-989-284 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025**
Submitted January 9, 2026
Pasadena, California

Before: BOGGS, FRIEDLAND, and BRESS, Circuit Judges.***

Sergio Estuardo Morales Agustin (Morales), a native and citizen of

Guatemala, petitions for review of a Board of Immigration Appeals (BIA) decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

dismissing his appeal from an Immigration Judge's (IJ) order denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). "Because the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ and the BIA's decisions." *Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022) (quoting *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's conclusion that Morales's qualifying relatives, his two United States citizen children, would not experience "exceptional and extremely unusual hardship" upon his removal from the United States, and that Morales is therefore ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000 & n.2 (9th Cir. 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *Gonzalez-Juarez*, 137

F.4th at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at 1005. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the agency's determination that Morales did not demonstrate the required hardship for purposes of cancellation of removal. The agency found that Morales's two children would continue to receive educations in the United States, that Morales could assist them financially from Guatemala, and that his daughter did not have any current medical conditions and could receive medical care in the United States, should it become necessary. Based on these findings, substantial evidence supports the conclusion that Morales's children would not experience exceptional and extremely unusual hardship in the event of his removal. *See Gonzalez-Juarez*, 137 F.4th at 1007 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

Morales argues that the agency erred by not discussing the fact that his reentry into the United States in 2000, following his voluntary removal, rendered him

permanently ineligible for adjustment of status under 8 U.S.C. § 1182(a)(9)(C). But Morales did not raise this hardship argument before the agency, so we do not consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended* (explaining that § 1252(d)(1) is a mandatory claims-processing rule that we must enforce if the government properly raises it).

2. Morales's asylum claim fails because it is untimely. The one-year deadline for filing an asylum application may be excused by "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay." 8 U.S.C. § 1158(a)(2)(D). "[W]e have jurisdiction to review—with deference—the Attorney General's 'extraordinary circumstances' determination in § 1158(a)(2)(D)," and we review that determination for substantial evidence. *Ruiz v. Bondi*, --- F.4th ----, 2025 WL 3704362, at *10 (9th Cir. Dec. 22, 2025).

Substantial evidence supports the agency's finding that Morales has not established an exception to the one-year deadline for his asylum application. The agency could conclude that the generalized country-conditions evidence that Morales cites did not "materially affect [his] eligibility for asylum" or qualify as "extraordinary circumstances relating to [his] delay." 8 U.S.C. § 1158(a)(2)(D).

3. For withholding of removal, Morales must show that, if he is removed, "it is more likely than not" that he will be persecuted "because of" membership in a

particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)). Because Morales has not meaningfully challenged the agency's determinations that any future harm would lack a nexus to a protected ground and that his proposed social group was not cognizable, he has forfeited review of this claim. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").

4. Morales's opening brief does not meaningfully challenge the denial of CAT relief, and therefore forfeits review of that claim as well. *See id.*

**PETITION DENIED.**[1]

---

[1] Morales's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.