NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ENRIQUE APODACA-BENITEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-217 <br><br> Agency No. <br> A202-014-735 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026**
Phoenix, Arizona

Before: BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Jose Enrique Apodaca-Benitez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an order of an Immigration Judge ("IJ") denying his application for

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We deny

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

the petition for review.

We lack jurisdiction to review the agency's findings of fact and final discretionary determination as to whether to grant cancellation of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025) (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)). However, we may review whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts for substantial evidence. *Id.* "Because the BIA expressed agreement with the reasoning of the IJ, [we] review[] both the IJ and the BIA's decisions." *Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022) (quoting *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013)).

To demonstrate the required hardship, a noncitizen must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of a [noncitizen] with close family members here." *Gonzalez-Juarez*, 137 F.4th at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at 1005. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. Apodaca first argues that the agency failed to consider all the evidence in determining whether his qualifying relatives would suffer exceptional and extremely unusual hardship if he were removed.  Specifically, Apodaca argues that the agency failed to consider: (1) exacerbating factors that support a finding of hardship, including his children's ages, financial situation, and academic needs and aspirations; (2) evidence of immense economic disparity between Mexico and the United States; and (3) Apodaca's partner's ability to adequately provide for their children on her own.

A review of the record demonstrates that the agency considered all these exacerbating factors, including Apodaca's children's ages, educational aspirations and challenges, and the family's financial situation.  The agency also considered evidence of economic disparity between Mexico and the United States, determining that "there is nothing in the record to suggest that [Apodaca] cannot obtain work in Mexico to continue to support his family," and that "there was [] no evidence presented to establish that [Apodaca] cannot secure employment in Mexico and continue to provide for his children."  To the extent that Apodaca challenges this factual finding, we lack jurisdiction to review it.  *See Wilkinson*, 601 U.S. at 225.

Further the agency considered Apodaca's partner's ability to provide for their children, recognizing that Apodaca's "partner is not employed," that Apodaca

3                                                          23-217

was the "breadwinner," and that Apodaca's absence would result in financial hardship given his partner's unemployment. Nonetheless the agency concluded that Apodaca and his partner "have familial ties in this country who could assist [with] the [] children." To the extent Apodaca challenges this factual finding, we lack jurisdiction to review it. *See id.* Finally, the record makes clear that the agency did consider Apodaca's children's academic needs and aspirations in its analysis despite Apodaca's assertion otherwise.

These findings by the agency regarding educational and financial harm support with substantial evidence its determination that Apodaca failed to demonstrate the requisite level of harm for cancellation of removal. In *Gonzalez-Juarez*, for example, this court found substantial evidence supported the denial of cancellation of removal where the agency similarly addressed lost educational opportunities and financial hardship that would result from the petitioner's deportation. 137 F.4th at 1008. Accordingly, we conclude that the agency did not err in finding that the asserted hardships failed to meet the cancellation of removal standard.

2. Apodaca next argues that the agency "erred in concluding that the identified hardships did not meet [the cancellation of removal] standard" because it did not consider how the permanent bar to re-entry triggered by Apodaca's previous entries and departure would prolong his children's hardship. This

argument, premised on a contention that the agency failed to "conduct a proper analysis of how Mr. Apodaca's removal would result in *ongoing* hardship for his children," lacks merit.

The IJ's thorough analysis of Apodaca's testimony to determine whether the hardship standard was met contemplated ongoing and future harm. The IJ noted that Apodaca's "absence from the home will mean marked decline in the family's ability to take care of expenses." The IJ's analysis also contemplated Apodaca's continued presence in Mexico, as it noted twice that the record is devoid of evidence that Apodaca cannot continue to support his family from Mexico. The BIA adopted this reasoning in its decision dismissing Apodaca's appeal. Therefore, we conclude that the agency's determination that the identified hardships failed to meet the cancellation of removal standard is supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The motion for stay of removal (**Dkt. No. 2**) is denied.