**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILMER ARTIAGA-GIRON,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-5689<br><br>Agency No.<br>A077-589-718<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**
Pasadena, California

Before: FRIEDLAND, FORREST, and DESAI, Circuit Judges.

Gilmer Artiaga-Giron, a native and citizen of Honduras, seeks review of a

decision by the Board of Immigration Appeals ("BIA") affirming the denial by an

immigration judge ("IJ") of his motion to reopen proceedings and rescind his in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

absentia order of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Where, as here, "the BIA expresse[s] agreement with the reasoning of the IJ, [we] review[ ] both the IJ['s] and the BIA's decisions." *Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022) (quoting *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013)). We review the agency's denial of a motion to reopen for abuse of discretion, and we review the agency's factual findings for substantial evidence. *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2021).

1. The agency did not abuse its discretion in denying Artiaga-Giron's motion to reopen based on a lack of notice of his removal hearing. As the agency recognized, the record shows that Artiaga-Giron was personally served with notice of the date, time, and location of his removal hearing. Artiaga-Giron argues that personal service was insufficient because he was released from custody the day after he was personally served, so he "would not have been able to attend his hearing as it was on a detained docket." But Artiaga-Giron does not explain why his release prevented him from attending his hearing, especially given that Artiaga-Giron was specifically cautioned that "[f]ailure to appear for this hearing other than because of exceptional circumstances beyond your control" could result in the agency entering an in absentia removal order against him. *Cf. Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016) (explaining that petitioner bears the burden of

establishing exceptional circumstances caused his failure to appear).

2. Nor did the agency abuse its discretion in denying Artiaga-Giron's motion to reopen due to changed country conditions in Honduras. To obtain reopening premised on changed country conditions, the petitioner must show that the new evidence of changed conditions "would establish prima facie eligibility for the relief sought," among other things. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (citation modified). Artiaga-Giron offered evidence that his uncle had been murdered in 2017, and he argued that cartel violence in Honduras had worsened. As the agency recognized, however, that evidence does not show prima facie eligibility for asylum, withholding of removal, or for relief under the Convention Against Torture, because it does not establish that Artiaga-Giron fears future persecution on account of a protected ground or that it is more likely than not that he would be tortured with the Honduran government's acquiescence.

Petition **DENIED.**